810 F.2d 201
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Ronald J. JORDAN, Plaintiff-Appellant,
v.
N. WIGGINS; J. Blair; J. Adams, Defendants-Appellees.
 No. 85-2008.
 United States Court of Appeals, Sixth Circuit.
 Nov. 24, 1986.
 
 Before MERRITT, WELLFORD and NORRIS, Circuit Judges.
 
 ORDER
 
 1
 The appellant is appealing the December 3, 1985, order of the district court granting the appellee's motion to dismiss.
 
 
 2
 The case has been referred to a panel of the Court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon consideration of the briefs, documents filed on appeal, and the record, the panel agrees unanimously that oral argument is not needed. Rule 34(a), Federal Rules of Appellate Procedure.
 
 
 3
 The appellant, Ronald L. Jordan, formerly an inmate at the Huron Valley Men's Prison, filed an in forma pauperis civil rights action against three guards at the facility. The appellant alleges that the guards violated his civil rights by expropriating several articles of his personal property--a light socket, a container of adhesive, an ink pen, a cable connector, and $5.00. The appellant does not state whether this was an intentional or negligent deprivation of property. He indicates that these articles were taken during routine searches of his cell but were lawfully in his possession and were not returned to him.
 
 
 4
 The appellant states in his complaint that he employed the state correction system's grievance procedure. He alleges that although it was found that the property was wrongfully taken, no replacement or restitution was made. Hearings were ordered but did not take place. The appellant further alleges that he filed an action in state court. This action was dismissed because the appellant had not forwarded his grievance to the state ombudsman's office for a fourth step review. The appellant alleges that the grievance procedure does not have a fourth step review, and the ombudsman is powerless to alter a decision made by the corrections system. He clearly states that these state processes are inadequate under due process.
 
 
 5
 The appellees filed a motion to dismiss alleging that the complaint failed to state a claim upon which relief could be granted because relief was available in state court. The district court granted the motion to dismiss because the court was not convinced, "that the State of Michigan does not provide a mechanism for the allegedly negligent and/or intentional acts of conversion allegedly committed by Defendants." Hudson v. Palmer, 468 U.S. 517 (1984).
 
 
 6
 The appellant states that he attempted to use state court remedies but has had no success. His pleadings are held to a less stringent standard. Haines v. Kerner, 404 U.S. 519 (1972). The appellant further alleges that relief is unavailable to him under Michigan law because all governmental agencies are immune from tort liability for injuries arising out of the exercise or discharge of a non-proprietary, governmental function. Ross v. Consumers Power Co., (on reh.), (per curiam) 420 Mich. 567, 625, 363 N.W.2d 641 (1984).
 
 
 7
 In evaluating the propriety of a dismissal under Rule 12(b)(6), the factual allegations in the complaint must be accepted as true. Windsor v. The Tennessean, 719 F.2d 155, 158 (6th Cir.1983), cert. denied, 105 S.Ct. 105 (1984). Before a 12(b)(6) motion can be granted, it must be established beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957). This standard has not been met. This case must therefore be remanded for further development of the record. The district court must conduct a hearing under Vicory v. Walton, 721 F.2d 1062 (6th Cir.1983) to determine whether state procedures and corrective processes are adequate to meet due process standards.
 
 
 8
 Accordingly, it is ORDERED that the December 5, 1985, order of the district court is vacated and the case is remanded to the district court for further proceedings consistent with this order. Rule 9(d)(4), Rules of the Sixth Circuit.